[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2011
JOHN LEY
CLERK

No. 10-15731
Non-Argument Calendar

_____

Agency No. A095-255-869

LUIS ALFREDO RAMIREZ-LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 13, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Luis Alfredo Ramirez-Lopez, a native and citizen of Colombia, seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal under Immigration and Nationality Act ("INA"), § 241(b)(3), 8 U.S.C. § 1231(b)(3).[1] On appeal, Ramirez-Lopez argues that, contrary to the IJ's and BIA's conclusions, substantial evidence in the record establishes that he suffered past persecution and therefore is entitled to a rebuttable presumption that his life or freedom would be threatened if he returned to Colombia.

Ramirez-Lopez, who was a medical salesman in Colombia, testified that he had to leave Colombia because he was threatened by the violent guerilla group, the Armed Revolutionary Forces of Colombia ("FARC"), when he refused to provide the FARC with medicine or to become an informant for them. He and some companions, while on a fishing trip, were peacefully detained by the FARC, who insisted that Ramirez-Lopez and his group join the FARC. About a year later, he was approached by a FARC member in a drug store and asked to provide the FARC with medicine and to spy for them, which he did not agree to do. During

---

[1] Ramirez-Lopez also sought relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c), which the IJ denied. He does not challenge the denial of CAT relief on appeal, therefore we deem this claim to be abandoned. See Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1254 n.1 (11th Cir. 2007).

the next year, he received between fifteen and twenty phone calls from the FARC and three threatening letters. The letters specifically listed Ramirez-Lopez among a group of "informers" who the FARC believed were "collaborators of the enemy forces." Some of the individuals listed in the letters have since been killed. He also testified that some of his extended family members, including his sister, uncle and a cousin were also accused by the FARC of being informers.

To obtain withholding of removal, an applicant must establish that upon removal to his country, his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). If an applicant establishes that he suffered past persecution on account of a protected ground, it is presumed that his life or freedom would be threatened upon return to his country. *Mendoza v. U.S. Att'y Gen,* 327 F.3d 1283, 1287 (11th Cir. 2003). The burden then shifts to the Department of Homeland Security to show that the conditions in the applicant's home country have changed or that it is reasonable to expect that the applicant could avoid a future threat through relocation. *Id.* (citing 8 C.F.R. § 208.16(b)(1)(i)). Even if the applicant has not suffered past persecution, he is eligible for withholding of removal if he demonstrates that it is

more likely than not he will be persecuted or tortured on account of a protected ground upon being returned to his country. *Id.*

We "review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (citation omitted). Here, because the BIA agreed with the IJ's reasoning, we review the decisions of both the IJ and the BIA. *Id.*

We review the BIA's legal determinations *de novo*. *Mejia,* 498 F.3d at 1256. Factual determinations are reviewed under the highly deferential substantial-evidence test, which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004) (quotation omitted).

Here, we see no error in the BIA's conclusion that the incidents described by Ramirez-Lopez do not constitute past persecution. Even though death threats need not be successful nor must an applicant necessarily suffer actual physical

4

harm to establish persecution, the evidence does not show that any of the threats Ramirez-Lopez received or encounters with the FARC placed him in apprehension of immediate serious physical harm or death. *See e.g.*, *Diallo v. U.S. Att'y. Gen.*, 596 F.3d 1329, (11th Cir. 2010) (individual who was beaten, detained and threatened with imminent execution by the same soldiers who had just killed individual's brother suffered persecution even though he avoided execution by escaping from detention); *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1008-10 (11th Cir.2008) (finding persecution where alien received numerous death threats, was dragged by her hair out of her vehicle, and was later kidnapped and beaten); *Sanchez Jimenez v. U.S. Att'y. Gen.*, 492 F.3d 1223, 1233 (11th Cir. 2007) (repeated death threats accompanied by the attempted kidnapping of applicant's daughter and attempted murder of applicant who had been shot at multiple times constituted persecution); *Mejia*, 498 F.3d at 1257-58 (persecution established by the totality of verbal death threats, attempted attacks, and one attack by three armed gunmen who threw applicant to the ground, hitting him with the butt of a rifle and breaking his nose).

However, even if we presume that Ramirez-Lopez suffered past persecution, we find that substantial evidence supports the BIA's determination that Ramirez-Lopez's encounters with the FARC and the threatening phone calls and letters

5

were not on account of a protected ground. An applicant must establish a "nexus" between the feared persecution and one of the statutorily protected grounds of race, religion, nationality, membership in a particular social group, or political opinion. *See Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004); 8 C.F.R. § 208.16(b)(2)). In other words, the alien must prove that he will be persecuted "*because of*" the protected ground. *See id.* Here, substantial evidence supports the finding that the FARC harassed Ramirez-Lopez because he refused to supply them with medicine or to become an informant for them. *See id.* (explaining that refusal to cooperate or join forces with guerillas is not persecution on account of a protected ground).

Given that Ramirez-Lopez did not show past persecution on account of a protected ground, he is not entitled to a presumption that his life or freedom would be threatened upon being returned to Colombia.[2]

**PETITION DENIED.**

---

[2] Ramirez-Lopez does not argue that in the alternative that he is otherwise eligible for withholding of removal because it is more likely than not he will be persecuted or tortured on account of a protected ground upon being returned to his country.

He does, however, argue that the IJ should have considered him for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii). Even assuming we have jurisdiction to review this claim that Ramirez-Lopez did not raise before the IJ and mentioned only in passing before the BIA, it is without merit. Ramirez-Lopez's eligibility for asylum, including humanitarian asylum, cannot be considered as he did not apply for such relief within one year of his arrival in the United States. *See* 8 U.S.C. § 1158(a)(2); 8 C.F.R. § 1208.13(b)(1)(iii).